Wright, J.,
delivered the opinion of the Court.
This suit was brought to recover the amount of a bill single, dated the 14th of December, 1857, and due the 1st day of March thereafter, for $278.24, made *164 payable to Nancy Heard, administratrix of James Heard, deceased, and purporting to have been signed by J. S. Cain and G-. W. Cain, with the seals of each attached. A nolle prosequi, was entered as to J. S. Cain, who had left the country the day after the date of the bill single, and upon whom process could not be served, and the case tried, as to G-. W. Cain, upon his plea of non est factum, and judgment being against him, and a new trial refused, he appealed to this Court. It is not pretended that G-. ~W. Cain, signed or executed said bill single himself, or that he was present when J. S. Cain delivered it as his act to the obligee, but it is insisted that it was signed by J. S. Cain, in the name of G-. W. Cain, by his authority, and with his consent, and so delivered. The said J. S. Cain being his agent for that- purpose, or if J. S. Cain, had no authority to execute- it for G-. W. Cain, still, that after he had done so, the^ latter acknowledged, ratified and confirmed the act, and in either event, is liable. It is in proof that J. S. Cain and G-. W. Cain are brothers, and lived near each other; that the former was purchasing stock to drive; and in some instances, G-. W. Cain' went his security, and upon one occasion signed his own name, and that of J. S. Cain to a note for stock which the latter had bought after he had left — the said G-. W. Cain having agreed to become bound with his brother before the stock were purchased. In other cases, J. S. Cain had signed the name of- Gf. W. Cain to notes, and the latter being informed of the fact by the creditors, said it was all right; and that upon being informed that his name was to the bill single, in question, made the same reply. It also appears that Nancy *165 Heard applied to him to make out an inventory of James Heard’s estate, that he did so, and that .the inventory embraced the bill single in question, to which at that time, he made no objection, the inventory being in his own hand-writing; but whether the bill single was present, or he saw it, does not appear only so far as it is to be inferred from the fact of his making out the inventory. Nor does it appear that any of the other notes above mentioned had seals to them, or that when G. W. Cain spoke of them, they were present; or that he saw them. No authority under seal or in writing, was exhibited, authorizing the use of G. W. Cain’s 'name, nor did it appear, that, at any time, when he spoke of this bill single, it wás present. In the inventory it is discribed as a note; and in the testimony it is spoken of in the same manner.
Hpon these facts, the jury were instructed, by the Circuit Judge, in substance as follows : A man may be bound to pay a note without having signed his name to it, with his own hand. If he expressly, or by implication, authorize another to sign his name to such paper, he will be bound to pay it. If John S. Cain frequently signed George W. Cain’s name to notes executed to various persons, and if when informed of the fact, he made no objection, but said it was all right this is evidence of a general authority to affix his name to such paper. If John S. Cain had been accustomed to sign George’s name to promissory notes, and it appears that George acquiesced in it, it would be a fraud upon the plaintiff to permit defendant, now to deny it, and relieve himself from responsibility, unless before the signing of the note produced in this cause, *166 be had, by some means, informed the plaintiff that John S. Cain had no authority to bind him to pay money. If John S. Cain signed G-eorge W. Cain’s name to the note without authority, the act of signing may be subsequently ratified and made valid by the acts, conduct and declarations of G-eorge W. Cain. If, after the note was executed, George W. Cain was informed of the fact, and replied it was all right, this would amount to a ratification of the act of signing, and he would be bound to pay the note and could not, afterward, be allowed to dispute it, revoke it, or repudiate it. If the note were presented to George "WV Cain for the purpose of making an inventory, and he did not then dispute its validity, whether this amounts to proof is for you to determine. If his interest and safety required him to dispute it, and he was silent, it is an admission of the justice and binding force of the note, and he could not, afterwards, be allowed to repudiate it.
These instructions are erroneous. The distinction between sealed and unsealed instruments is entirely ignored.
To authorize the execution of a deed in the name of another, the authority must be by deed ; and no previous parol assent or subsequent adoption, will bind the party unless the instrument be acknowledged and re-delivered. The principles of law applicable to this case will be found in Turbeville & Darden vs. Ryan, 1 Hump., 113, and numerous other cases in our own Reports, and we need not repeat them: Smith et. ah. vs. Dickinson, 6 Hum., 261; Mosly vs. The State of Arkansas, 4 Sneed, 324; McNutt vs. McMahon, 1 Hood, 98.
The judgment will be reversed, and the cause remanded for a new trial.